UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
YOEL OSHRI, :
: Civil Action No. 3:17-cv-11594-BRM-DEA
Plaintiff, :
v. :
: **OPINION**
PNC BANK, NATIONAL ASSOCIATION, :
*et al.* :
Defendants. :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Yoel Oshri's ("Oshri") Motion to Set Aside the "Fraudulent" Sheriff's Sale. (ECF No. 23.) Defendants PNC Bank, National Association, Tanisia Richardson, and Betty Harrison's (collectively "Defendants") oppose the Motion. (ECF No. 24.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument, pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Oshri's Motion is **DENIED**.[1]

**I. BACKGROUND**

The facts are set forth at length in the Court's August 29, 2018 Opinion. (ECF No. 19.) In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute. However, the Court notes that since that Opinion. On October 16, 2018, the Superior Court of New Jersey, Appellate Division, denied Oshri's appeal from a series of orders and final judgment in the Foreclosure Action. (ECF No. 29.)

---

[1] Oshri also filed two Letter Requests (ECF Nos. 30-31) to Strike Defendants' Letter informing the Court of a recent decision by the Superior Court of New Jersey, Appellate Division (ECF No. 29) as untimely and for filing a copy of the Appellate Opinion instead of the true and original Opinion. The Court will in its discretion accept Defendants' Letter and copy of the Appellate Division Opinion. *See Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, No. 04-5127, 2007 WL 4207836, at *2 (D.N.J. Nov. 21, 2007) (utilizing its discretion in accepting the plaintiff's untimely filing of its opposition brief).

1

The Appellate Division affirmed a series of orders from the Superior Court, specifically, granting summary judgment to PNC Bank; striking Oshri's answer and affirmative defenses; entering default against Oshri; returning the case to the Office of Foreclosure to proceed as an uncontested matter; dismissing Oshri's counterclaim and third-party complaint; denial of reconsideration; dismissing Oshri's order to show cause; and entering final judgment against Oshri. (*Id.*)

### III. DECISION

This matter is before the Court via Oshri's Motion to Set Aside the Fraudulent Sheriff's Sale. (ECF No. 23.) Essentially, Oshri contends the Sheriff's Sale should be set aside because it was conducted illegally and/or fraudulently. (*See id.*) Defendants argue Oshri cannot bring this Motion for several reasons. First, "the Motion is seeking relief that has already been dismissed in this action," as the Court dismissed Oshri's wrongful foreclosure claim in its August 29, 2018 Opinion. (ECF No. 24 at 2.) Second, the Motion is barred by the *Rooker-Feldman* doctrine. (*Id.*) Lastly, the Motion is barred by *res judicata* and the entire controversy doctrine. (*Id.*)

The Court agrees with Defendants. In essence, Oshri's Motion is yet another attempt at invalidating the Foreclosure Action and an attempt to regain his home. (*See* ECF No. 23-1 at 2 ("The house belongs to the Plaintiff, the Defendants intentionally defrauded the Plaintiff and then failed to prove the default on the mortgage as they have to."); ECF No. 23-1 at 3 ("This Case is only about saving the Plaintiff's only home he has and wants to keep.").) As set forth in the Court's August 29, 2018 Opinion, claims as to the Foreclosure Action are barred by the *Rooker-Feldman* doctrine.

Pursuant to *Rooker-Feldman*, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3rd Cir. 2005). *Rooker–Feldman* serves to bar a claim when: (1) the federal claim was actually litigated in state court before the plaintiff filed the federal action or, (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* The Third Circuit has held a federal claim is "inextricably intertwined" with

2

an issue adjudicated by a state court when: "(1) the federal court must determine . . . the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)). Significantly,

> [f]our requirements must be met for the [*Rooker-Feldman*] doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment.

*Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50–51 (3d Cir. 2013) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Where, on the other hand, the federal plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached," the doctrine does not apply. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005), quoted in *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547–48 (3d Cir. 2006). In such an instance, jurisdiction is confirmed and the court should then consider "whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 292.

The *Rooker-Feldman* doctrine "is a narrow doctrine that applies only in limited circumstances." *Shibles v. Bank of Am., N.A.*, No. 17-2386, 2018 WL 1448670, at *2 (3d Cir. Mar. 23, 2018) (citations omitted); *In re Philadelphia Entm't & Dev. Partners*, 879 F.3d 492, 499 (3d Cir. 2018) ("[F]ederal courts had been applying the *Rooker-Feldman* doctrine too broadly and consequently it clarified that the doctrine is confined to 'limited circumstances' where 'state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commend and invit[e] district court review and rejection of those judgments.'") (citation omitted). The four requirements "must be met for the doctrine to apply." *Gage*, 521 F. App'x at 50–51.

This court has concluded that all factors of the doctrine are satisfied, as final judgment was entered in the Foreclosure Action against Oshri on July 19, 2016, prior to the initiation of this action in federal court. (ECF No. 10-3.) Further, a decision vacating the final judgment in the Foreclosure Action or granting Oshri the right to the property would require the Court to overrule the Foreclosure Action's Judgment. Therefore, Oshri's Motion is **DENIED**.

Even if the foreclosure judgment and the Sheriff's Sale were "two different and separate issues," as Oshri contends, this Motion is barred by New Jersey's entire controversy doctrine. The entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016). The doctrine

> requires a party to bring in one action all affirmative claims that it might have against another party or be forever barred from bringing a subsequent action involving the same underlying facts. The central consideration is whether the claims arise from related facts or the same transaction or series of transactions.

*Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007) (citations omitted); s*ee also Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). "The purposes of the doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Ditrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). The Third Circuit has ruled that "[a] federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369, 400 n.2 (3d Cir. 2013) (quoting *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997)).

The entire controversy doctrine applies to foreclosure proceedings but encompasses only "germane" counterclaims. N.J. Ct. R. 4:64–5 ("Only germane counterclaims and cross-claims may

be pleaded in foreclosure actions without leave of court."); *see also In re Mullarkey*, 536 F.3d 215, 228 (3d Cir. 2008). The word "germane" is construed very narrowly in this context. "The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Technology-Northeast v. Klingbeil Holding Co.*, 349 A.2d 96, 98 (N.J. 1975). "Courts have viewed several types of claims as germane to a New Jersey foreclosure action, including those challenging the circumstances surrounding origination of the loan, challenging the validity of the loan itself, and arising out of the mortgage transaction." *Guaba v. World Sav. Bank*, No. 14-2408, 2014 WL 6870995, at *2 (D.N.J. Dec. 3, 2014).

Here, Oshri's claims are barred by the entire controversy doctrine. The claims Oshri asserted in its Motion could have been raised in the Foreclosure Action. Oshri claims that numerous things throughout the Sheriff's Sale were conducted fraudulently and/or illegally. "[C]laims for . . . fraud, quiet title, and declaratory relief from [] Sheriff's Sale['s] are [] the sort of claims that have been deemed germane by courts, in that the claims challenge the validity of the mortgage and foreclosure proceeding." *Guaba*, 2014 WL 6870995, at *2. Accordingly, Oshri's Motion to Set Aside the Sheriff's Sale is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Oshri's Motion to Set Aside the Sheriff's Sale is **DENIED with prejudice**.

Date: February 1, 2019          */s/ Brian R. Martinotti*
        **HON. BRIAN R. MARTINOTTI**
        **UNITED STATES DISTRICT JUDGE**