UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOEL OSHRI, a/k/a JOEL OSHRI, | |
| Plaintiff, | Case No. 3:17-cv-11594 (BRM) (DEA) |
| v. | OPINION |
| PNC BANK, NATIONAL ASSOCIATION, BETTY HARRISON, and TANISHIA RICHARDSON, *et al.* | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is PNC Bank, N.A. ("the Bank"), Betty Harrison, and Tanishia Richardson's ("Richardson")[1] (collectively, "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 51). Plaintiff Yoel (Joel) Oshri ("Plaintiff") opposes the Motion. (ECF No. 54). Having reviewed the submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motion for Summary Judgment is **GRANTED**.

---

[1] Richardson's first name is spelled as "Tanisia" in the Complaint but as "Tanishia" in the Defendants' Motion for Summary Judgment. This Opinion will rely on Defendants' spelling of Richardson's name.

**I. BACKGROUND**

The underlying facts are set forth at length in this Court's August 29, 2018 Opinion. *See Oshri v. PNC Bank, N.A.*, Civil Action No. 3:17-cv-11594-BRM-DEA, 2018 U.S. Dist. LEXIS 146720 (D.N.J. Aug. 29, 2018). In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

Two recent decisions are relevant to this Motion. First, on October 16, 2018, the New Jersey Superior Court, Appellate Division denied Plaintiff's appeal of the state foreclosure action and affirmed the lower court's decision. *PNC Bank, Nat'l Ass'n v. Oshri*, No. A-5121-15T4, 2018 N.J. Super. Unpub. LEXIS 2270 (Super. Ct. App. Div. Oct. 16, 2018). Second, this Court, on February 1, 2019, denied Plaintiff's Motion to Set Aside the Sheriff's Sale with prejudice. (ECF No. 40).

**II. LEGAL STANDARD**

**A. Federal Rule of Civil Procedure 56(a)**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be

drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S. Ct. 537, 88 L. Ed. 2d 467 (1985)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary

judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

**B.** *Res Judicata* **Doctrine**

The doctrine of *res judicata* bars plaintiffs from bringing causes of action that were already adjudicated in an earlier action between two parties or that could have been determined in an earlier action. *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 597 (N.J. 1991). "*Res judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other." *Purter v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985) (footnote and citation omitted). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of *res judicata* bars not only claims that were

4

brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

Here, Defendants are seeking summary judgment on the four remaining counts in the Complaint: (1) fraud; (2) FDCPA claims; (3) tampering with court records; and (4) due process violations.[2] (ECF No. 51). Specifically, Defendants argue that the remaining claims are precluded by the doctrine of *res judicata*, or in the alternative, that there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

### III. DECISION

#### A. Fraud Claim (Count II)

Plaintiff alleges that Richardson fraudulently induced him into sending the Bank $2,500 under the false premise that such action would halt foreclosure proceedings. (ECF No. 1). Defendants argue Plaintiff has failed to prove his fraud claim as a matter of law. The Court agrees.

A cause of action for common law fraud in New Jersey requires five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350 (1997)). A plaintiff has the burden of proving a common law fraud claim by clear and convincing

---

[2] Defendants' motion also addresses the illegal seizure of assets claim (Count I) because Plaintiff "clarified to the Court that this allegation remains part of his lawsuit." (ECF No. 51 at 4 n.3). Nevertheless, this Court has already granted Defendants' motion to dismiss Count I of the Complaint in its October 29, 2018 Order and Opinion. (ECF Nos. 19 and 20). As a result, the issue is precluded by the law-of-the-case doctrine. *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.")

5

evidence; fraud will not be presumed. *Stochastic Decisions v. DiDomenico,* 565 A.2d 1133 (N.J. Super. Ct. App. Div. 1989); *Albright v. Burns,* 503 A.2d 386 (N.J. Super. Ct. App. Div. 1986); *Williams v. Witt,* 235 A.2d 902 (N.J. Super. Ct. App. Div. 1967).

Here, Plaintiff has not provided any evidence to support a finding that Richardson made a material misrepresentation—the first requirement of a fraud claim. Additionally, even if a jury could reasonably conclude Richardson made a false representation, Plaintiff has offered no proof that he objectively relied on such a statement—the third requirement of a fraud claim. Finally, Plaintiff cannot show any resulting damages because he already owed the Bank more than $2,500 as part of his existing mortgage obligation. *See Ishler v. Chase Home Fin. LLC*, No. 1:CV-10-2117, 2011 U.S. Dist. LEXIS 17620, at *15 (M.D. Pa. Feb. 23, 2011) (finding that plaintiff's three trial payments for a HAMP loan modification do not constitute damages because they were a part of her pre-existing mortgage obligation); *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015) (holding that increases in monthly mortgage payments did not constitute fraud damages because it did not alter the total amount owed); *Betterton v. First Interstate Bank, N.A.*, 800 F.2d 732, 735 (8th Cir. 1986) ("[T]here can be no recovery in fraud for a deception by which a person is induced to do something which he is already bound to do."); *Adams v. U.S. Bank*, No. 10-10567, 2010 U.S. Dist. LEXIS 65411, at *4 (E.D. Mich. July 1, 2010) (concluding that a fraud claim based on the plaintiffs' unsuccessful HAMP application fails in part because the plaintiff could show no injury, as she was already obligated to make the mortgage payments).

Accordingly, Defendants' Motion for Summary Judgment on Count Two of the Complaint is **GRANTED**.

### B. FDCPA Claim (Count III)

Defendants argue that Plaintiff's FDCPA claim fails as a matter of law because they are time-barred and because such claims do not apply to Defendants. The Court agrees with both arguments.

Pursuant to 15 U.S.C. § 1692k(d), claims arising from the FDCPA are governed by a one-year statute of limitations. Here, Plaintiff alleges that Defendants violated the FDCPA in a letter he received on March 7, 2014. (ECF No. 1). Plaintiff did not file the Complaint until November 14, 2017. (*Id.*). As a result, the FDCPA claim is time-barred.

Further, the FDCPA only applies to debt collectors, not creditors. *See* 15 U.S.C. § 1692a(6)(F) (excluding any instance that "concerns a debt which was originated by such person" from the FDCPA); *see also FTC v. Check Investors, Inc.,* 502 F.3d 159, 171–72 (3d Cir. 2007) ("Creditors—as opposed to debt collectors—generally are not subject to the FDCPA.") (quoted case omitted); *Haber v. Bank of Am., N.A.*, No. 14-0169, 2014 U.S. Dist. LEXIS 87614, at *21 (E.D. Pa. June 27, 2014) ("Thus, a mortgage servicer, whether servicing debt belonging to itself or a different creditor, is not a "debt collector" under the FDCPA unless the mortgage was already in default at the time the mortgage servicing company began servicing the loan.") Here, the Bank was operating as a mortgage servicer, which is a creditor. Thus, Plaintiff's claims arising from the FDCPA fail as a matter of law.

Accordingly, Defendants' Motion for Summary Judgment on Count Three of the Complaint is **GRANTED**.

### C. Tampering with Court Records Claim (Count V)

Plaintiff alleges Defendants tampered with the New Jersey Superior Court's records "[t]o avoid the trial day where they will be requires [sic] proving [sic] that [Plaintiff] was in default with

his mortgage loan but obviously could not do that since they knew that [Plaintiff] was NEVER in default of his mortgage whatsoever." (ECF No. 1 ¶ 103.)

It is difficult for the Court to assess the merits of Plaintiff's tampering claim because the Complaint does not set forth a state or federal statute or a common law doctrine to evaluate a civil claim of tampering with court records. However, Plaintiff does allege that "[t]he Defendants' actions were criminal in their nature." (ECF No. 1) If this is Plaintiff's intention, it is a non-cognizable claim. Alleged violation of a "bare criminal statute[]" such as this one[3] does not create civil liability or a private right of action that can be adjudicated or prosecuted by Plaintiff in this civil lawsuit. *Wright v. JPMorgan Chase Bank, Nat'l Ass'n*, No. CV 18-8311, 2019 WL 5587262, at *4 (D.N.J. Oct. 30, 2019) (quoting *Yoder v. MacMain Law Grp.*, LLC, 691 F. App'x 59, 60–61 (3d Cir. 2017)).

Accordingly, Plaintiff's claims arising from tampering with court records fail as a matter of law and Defendants' Motion for Summary Judgment on Count Five of the Complaint is **GRANTED**.

**D. Due Process Claim (Count VI)**

Plaintiff alleges he was deprived of a fair trial because: (1) he was denied the opportunity to submit an opposition to the summary judgment motion and to take oral depositions; (2) Defendants were allowed to file things out of time; (3) Defendants obtained a final judgment through fraud; and (4) Defendants tampered with the Superior Court's records. (ECF No. 1).

Defendants argue that Plaintiff's due process claims are precluded by the doctrine of *res judicata* because the state foreclosure action was affirmed by New Jersey's Appellate Division.

---

[3] Presumably, Plaintiff is alleging fraud under New Jersey's law against tampering with public records or information, N.J.S.A. § 2C:28-7—a criminal statute.

(ECF No. 51). This Court agrees that Plaintiff's due process claims are barred by the doctrine of *res judicata*. In its October 2, 2018 Opinion, the Appellate Division expressly rejected the same due process arguments and found no error or impropriety in the foreclosure action. First, the Appellate Division found that the trial court had not erred in "granting the motions to dismiss [Plaintiff's] counterclaims and strike his contesting answer and affirmative defenses." *PNC Bank, Nat'l Ass'n v. Oshri*, No. A-5121-15T4, 2018 N.J. Super. Unpub. LEXIS 2270, at *7 (Super. Ct. App. Div. Oct. 16, 2018). The Appellate Division further stated that there was "no abuse of discretion by the trial court in sustaining PNC's objection to the deposition of the three PNC employees who had no knowledge of the mortgage account or the foreclosure proceedings." *Id.* The Appellate Division also held that Plaintiff had failed to prove that he suffered any prejudice as a result of Defendants' alleged untimely filings. *Id.* Finally, the Appellate Division concluded its Opinion by stating that "[Plaintiff's] remaining arguments are without sufficient merit to warrant discussion in a written opinion." *Id.* at *8. The Appellate Division's unequivocal affirmation of the state foreclosure action precludes this Court from re-evaluating those proceedings.

Accordingly, Defendants' Motion for Summary Judgment on Count Six of the Complaint is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate Order follows.

Date: March 31, 2020
  */s/Brian R. Martinotti*
  **BRIAN R. MARTINOTTI**
  **UNITED STATES DISTRICT JUDGE**